| | |
|---|---|
| René P. Voss (CA Bar No. 255758)<br>Natural Resources Law<br>15 Alderney Road<br>San Anselmo, CA 94960<br>Phone: (415) 446-9027<br>Email: renepvoss@gmail.com<br>LEAD COUNSEL<br><br>Matt Kenna (CO Bar No. 22159)<br>Public Interest Environmental Law<br>679 E. 2nd Ave., Suite 11B<br>Durango, CO 81301<br>Phone: (970) 749-9149<br>Email: matt@kenna.net<br>*Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* | TODD KIM<br>Assistant Attorney General<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br><br>HAYLEY A. CARPENTER (CA Bar No. 312611)<br>KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)<br>Trial Attorneys<br>Natural Resources Section<br>150 M Street NE<br>Washington, DC 20002<br>(202) 305-0242 (Carpenter)<br>(202) 305-0486 (Perez)<br>hayley.carpenter@usdoj.gov<br>krystal-rose.perez@usdoj.gov<br><br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| SEQUOIA FORESTKEEPER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant. | Case No. 1:21-cv-01041-DAD-BAM<br><br>**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL** |

This Settlement Agreement and Stipulation of Dismissal ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiffs Sequoia ForestKeeper and Earth Island Institute (collectively, "Plaintiffs") and Defendant the United States Forest Service. By and through undersigned counsel, the parties state as follows:

WHEREAS, the Forest Service authorized the Plateau Roads Hazard Tree Project in the Sequoia National Forest on June 2, 2020. The Project provides for the felling of hazard trees located along approximately 45 miles of identified travel corridors;

WHEREAS, Plaintiffs filed this action on July 1, 2021, alleging that the Project violated the National Environmental Policy Act, ECF No. 1, and requesting, among other relief, that the Project be enjoined, vacated and remanded to the Forest Service for further consideration and an award of reasonable attorneys' fees, *id.* ¶¶ b-f (Prayers for Relief);

WHEREAS, Defendant disputes Plaintiffs' allegations and deny that Plaintiffs are entitled to the requested relief;

WHEREAS, Plaintiffs sought and obtained a temporary restraining order and preliminary injunction, preventing some of the Project activities from continuing, ECF Nos. 19, 30;

WHEREAS, the parties entered into settlement negotiations to attempt to achieve a resolution that would avoid further litigation of this case;

WHEREAS, the parties, through their authorized representatives, have reached an agreement that they consider to be a fair and adequate resolution of the disputes set forth in Plaintiffs' Complaint, including Plaintiffs' claim for attorneys' fees and costs:

NOW, THEREFORE, it is stipulated by and between the parties as follows:

1. The Forest Service will proceed with implementing the Plateau Roads Hazard Tree Project under the conditions set forth in the Court's October 5, 2021 Order granting Plaintiffs' Motion for Preliminary Injunction. Specifically, the United States Forest Service and/or any of its contractors shall be prohibited from felling any trees in the Plateau Roads Hazard Tree Project area, except for

    a. Those trees that will imminently fall, which is defined as those that (i) have been individually evaluated to have a "high" or "moderate" hazard rating; and (ii) are within striking distance of the road, which shall be determined based on the height of the tree; and

    b. Those trees which pose a safety risk to the United States Forest Service and/or any of its contractors while removing those trees that will imminently fall as defined in 1(a) above.

2. Nothing in this Agreement prohibits Defendant from undertaking new projects or agency actions within the original Project Area.

3. Nothing in this Agreement prohibits Plaintiffs from filing future lawsuits against Defendant to challenge any future final agency action undertaken by Defendant.

4. Subject to Paragraph 5 below, the parties agree to settle Plaintiffs' claim to attorneys' fees and costs in this litigation for a total payment of $68,000, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.*, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorneys' fees or litigation costs in this matter. Provided, however, that Plaintiffs are not barred by this or any other provision of this Agreement from seeking attorneys' fees and costs incurred to enforce the terms of this Agreement, subject to all available defenses.

5. Defendant's payment, as identified in Paragraph 4 above, shall be accomplished by electronic funds transfer to Plaintiffs' counsel's IOLTA account on behalf of Plaintiffs. Counsel for Plaintiffs will provide counsel for Defendant the appropriate account number and other information needed to facilitate payment. Counsel for Defendant agrees to assist counsel for Plaintiffs in following up with the appropriate office(s) if payment is not received within thirty (30) calendar days after the paperwork for processing of the payment has been submitted.

6. Counsel for Plaintiffs acknowledge that they are receiving payment on behalf of Plaintiffs and that they will distribute the appropriate settlement proceeds to Plaintiffs. Plaintiffs agree to this procedure. Counsel for Plaintiffs shall confirm payment within 10 days of receipt. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

7. Once Plaintiffs have received payment under Paragraph 6 above, Plaintiffs and their attorneys agree to hold harmless Defendant in any litigation, further suit, or claim arising from the payment of the agreed upon $68,000 settlement amount.

8. The parties stipulate and agree, and hereby request, that the Court enter the accompanying proposed order approving this Settlement Agreement, retaining jurisdiction solely to oversee compliance with the terms of this Settlement Agreement, and dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

9. The terms of this Agreement shall become effective upon entry of an Order by the Court approving this Agreement. The Court will retain jurisdiction over this matter solely to oversee compliance with the terms of this Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994). Any dispute over compliance with any provision of this Settlement Agreement shall proceed as set forth in Paragraph 10 below.

10. In the event that any party believes another party to be in breach of this Agreement, such party must give notice to the other party at the earliest possible date. Notice from Plaintiffs should be provided to the U.S. Forest Service and to undersigned counsel for Defendant. No party shall seek action by this Court or any other court regarding the alleged breach until after 14 days have passed since providing notice, during which time the parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. The parties agree that neither will seek contempt of court as a remedy for any violation of this Settlement Agreement, and the parties therefore knowingly waive any right that they might have to seek an order for contempt for any such violation.

11. This Agreement constitutes the complete and final resolution of all legal, equitable, and administrative claims arising out of the approval of the Project. In acknowledgement of and in exchange for the promises and other consideration contained in this Agreement and the payment by Defendant to Plaintiffs referenced in Paragraph 4 above, Plaintiffs and their respective affiliates, successors, and assigns hereby unconditionally and irrevocably release, waive, covenant not to sue, and forever discharge Defendant (including its past, present, and future officers, agents, and affiliates) from any and all claims, causes of action, allegations, demands, suits, judgments, liabilities, fees, interests, or obligations, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, based on the same transactions or occurrences that are set forth in the Complaint, ECF No. 1.

12. This Agreement does not constitute, and shall not be construed as, an admission or concession on the part of any party with respect to any fact, claim, or defense in this action. This Agreement shall have no precedential value and will not be used as evidence of such in any

pending or future civil or administrative action against Defendant, or the United States, or any agency or instrumentality of the United States.  Defendant does not waive any defenses they may have concerning the claims settled under this Agreement.

13. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

14. This Agreement contains all of the agreements between Plaintiffs and Defendant and is intended to be the final and sole agreement between them.  Plaintiffs and Defendant agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

15. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16. This Agreement becomes effective on the date the Court issues the Order referenced in Paragraph 8 above.

DATED:  January 14, 2022			Respectfully submitted,

　　　　*/s/   René Voss (with permission)*
René Voss
Matt Kenna, *Pro Hac Vice*

*Attorneys for Plaintiffs*

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

　　　　*/s/   Hayley A. Carpenter*
HAYLEY A. CARPENTER (CA Bar No. 312611)
KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorneys
Natural Resources Section
150 M Street NE

Washington, DC  20002
(202) 305-0242 (Carpenter)
(202) 305-0486 (Perez)
hayley.carpenter@usdoj.gov
krystal-rose.perez@usdoj.gov

OF COUNSEL

JAMES ROSEN
Office of General Counsel
U.S. Department of Agriculture

*Attorneys for Defendant*